JAMES E. TORGERSON, Bar No. 8509120
KEVIN M. CUDDY, Bar No. 0810062
WHITNEY A. BROWN, Bar No. 1906063
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
jim.torgerson@stoel.com
kevin.cuddy@stoel.com
whitney.brown@stoel.com

DAVID R. MICHAELI
(*pro hac vice* forthcoming)
PETER W. BAUTZ
(*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: 212.918.3524
Facsimile: 212.918.3100
david.michaeli@hoganlovells.com
peter.bautz@hoganlovells.com

*Attorneys for Plaintiff Suqian Yuanhui Information Technology Company Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUQIAN YUANHUI INFORMATION TECHNOLOGY COMPANY LTD.<br><br>Plaintiff,<br><br>v.<br><br>ANC AK HOLDINGS LLC and ATLANTIC AVIATION FBO INC.<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>Case No. 3:24-cv-00060 |

**COMPLAINT**

Plaintiff Suqian Yuanhui Information Technology Company Ltd. ("SYITC"), by and through its undersigned counsel, brings this action for relief against ANC AK Holdings

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060                                    1
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 1 of 16

LLC, formerly d/b/a Ross Aviation ANC ("ANC") and Atlantic Aviation FBO Inc. ("Atlantic" and, together with ANC, "Ross") and in support thereof states as follows:

## INTRODUCTION

1. This action seeks compensation for Ross's grossly negligent actions which led to tens of millions of dollars of damage to SYITC's Boeing 737 business jet, which at the time of the incident bore the registration number N502BJ (the "Aircraft").

2. On March 20, 2022, a Ross employee at Ted Stevens Anchorage International Airport with little to no experience and apparently grossly inadequate training drove a partially full fuel truck in reverse—an action his supervisors said left them "stunned"—across a distance of hundreds of feet until finally smashing his fuel truck into the Aircraft, scraping the full length of the Aircraft's right wing and puncturing it in numerous places. The employee was apparently so oblivious to his surroundings that he failed to realize he was reversing into the Aircraft rather than a parking spot that was nowhere near the Aircraft, missed a radio call from his supervisors asking "BRO what are you doing?," and did not feel or see the Aircraft's wings "flop[ping] up and down" above his head as he damaged both the Aircraft and the fuel truck.

3. Instead of paying out the reasonable costs to repair the Aircraft, the costs associated with losing use of the Aircraft for months, and the loss of value to the Aircraft itself, Ross and its insurer have spent over a year raising meritless claims and attempting to avoid liability for Ross's gross negligence. For instance, Ross has suggested that SYITC should have ignored the advice of The Boeing Company ("Boeing") regarding necessary

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060
2
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 2 of 16

repairs to Boeing-made parts—advice that stated that the "remaining deformations" would not be acceptable from an engineering perspective. Ross's meritless attempts to evade its responsibility to pay for its own employee's negligence are nothing more than stall tactics.

**PARTIES**

4. Plaintiff Suqian Yuanhui Information Technology Company Ltd. is a foreign company organized under the laws of and with its principal place of business in the People's Republic of China. All of SYITC's direct and indirect owners are citizens of the People's Republic of China. Plaintiff is qualified to bring and maintain this action.

5. Defendant ANC AK Holdings, LLC is a Delaware limited liability company with its principal place of business in Plano, Texas. Upon information and belief, Defendant ANC's sole member is Ross Aviation Holdings, LLC, a Delaware limited liability company with its principal place of business in Plano, Texas. Upon further information and belief, the sole member of Ross Aviation Holdings, LLC is Ross Aviation Holding Corporation, a Delaware corporation with its principal place of business in Plano, Texas.

6. Upon information and belief, Atlantic Aviation FBO, Inc. is a Delaware corporation with its principal place of business in Plano, Texas. Upon further information and belief, Atlantic is the owner or operator of Ross in Anchorage following a merger in 2022, including maintaining some level of control over Ross employees in Anchorage. *See Locations – Anchorage, AK (ANC)*, Atlantic Aviation (last accessed March 15, 2024), https://www.atlanticaviation.com/location/ANC.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060
3
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 3 of 16

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because SYITC is a citizen of a foreign state, Defendants are citizens of Delaware and Texas, and the amount in controversy is far higher than $75,000.

8. The Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(a) and Alaska's long-arm statute, Alaska Stat. § 09.05.015(a)(1)(D), (a)(3), and (a)(4), because the claims in this action arise out of Defendants' substantial activities in Alaska and Defendants' tortious conduct in Alaska, which injured property in Alaska.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to SYITC's claims occurred in this District.

## FACTS

*The Aircraft*

10. The Aircraft is a Boeing Business Jet 2 (BBJ2)—a private jet that uses the fuselage, wings, and landing gear of a Boeing 737-800. BBJ2s have unique interiors customized for the needs of their owners, which include heads of state; however, all BBJ2s feature luxurious amenities such as a spacious living room, bedroom suite, offices, and multiple lavatories.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060
4
Case 3:24-cv-00060-SLG    Document 1    Filed 03/15/24    Page 4 of 16

11. The Aircraft was custom configured to include a full galley, a bar, a dining/conference room, a passenger seat compartment, a couch compartment, and a presidential suite with a full bedroom and bathroom with shower.

12. BBJ2s can cost upwards of $85 million in new condition. The Aircraft had an estimated value of over $63 million at the time of Ross's grossly negligent actions.

13. At all relevant times, the Aircraft has served as a private jet.

14. To obtain U.S. registration of the Aircraft upon purchase, which requires ownership by a U.S. citizen, on May 28, 2014, Minsheng Jiaming Leasing Ltd. ("MJL"), a Hong Kong company, established a trust with Wilmington Trust Co. ("WTC"), a Delaware trust company, serving as the Owner Trustee of the Aircraft, providing assets to purchase and properly register the Aircraft via a Trust Agreement.

15. On or about June 12, 2014, Boeing sold the Aircraft to WTC, which remained the owner through the relevant time period in this matter.

16. On June 12, 2014, WTC leased the Aircraft to MJL pursuant to an Aircraft Operating Lease Agreement, which provided that WTC was granting MJL "an exclusive lease to possess, use, and operate the [Aircraft]."

17. On or about June 2018, MJL assigned all right, title, and interest it had in the Trust Agreement and Aircraft Operating Lease Agreement to Minsheng Pengrun (Tianjin) Aviation Leasing Co., Ltd. (MPTALC), a Hong Kong company.

18. On June 15, 2018, MPTALC leased the Aircraft to SYITC, as part of a financial lease agreement.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060         5
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 5 of 16

19. On October 1, 2022, MPTALC assigned all rights, title, and interest it held in all claims related the incident that is the subject of this lawsuit to SYITC.

*The Incident*

20. On March 20, 2022, the Aircraft was at the Ted Stevens Anchorage International Airport on a stopover.

21. On or around 6:45 a.m. on March 20, a Ross employee named Andrew finished fueling an airplane that was parked some distance away from the Aircraft.

22. According to an incident report Andrew completed, Andrew was a new Ross hire with fewer than 90 days of experience.

23. Around this time, Andrew's supervisors, named Ed and Josh, went to a nearby station to complete paperwork and check the fueling schedule for other aircraft.

24. Josh heard the fuel truck reversing, which he thought "was only going to be enough to drive forward without hitting [the fueled aircraft]." His co-worker, Ed, asked "What is he doing?" When Josh looked up, he saw Andrew driving the fuel truck backwards across the tarmac—an action which Ed said "stunned" him and that he "couldn't believe what was happen[ing]."

25. Andrew has stated that he was reversing the fuel truck in "night" visibility with no lighting because he "decided to back up to park" his car in a spot that was not even remotely close to the Aircraft.

26. Josh radioed Andrew and asked, "BRO what are you doing?"

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060    6
Case 3:24-cv-00060-SLG    Document 1    Filed 03/15/24    Page 6 of 16

27. Andrew did not respond. Instead, he continued driving the loaded fuel truck backwards until he plowed straight through the full length of the Aircraft's right wing. Ed and Josh both reported that, even from a considerable distance, they could see the Aircraft's right wing "flop up and down" from the impact, but Andrew apparently did not even notice. Eventually, Andrew drove his refueling truck forward, causing even more damage to the Aircraft's wing.

28. After the incident, Andrew completed a report and drew the following diagram of what happened. The considerable distance between the aircraft Ross had been refueling and the Aircraft Ross's employee collided with in reverse is evident from the illustration:

[Diagram: Ross Aviation incident report sketch showing aircraft N502BJ (B737) with notes indicating "Final position of cone under right wing scratched," aircraft N900FJ (F900) to the right with truck 903 noted as "Backed up after fueling N900FJ," truck 707 at top with note "Final Destination of where truck parks," cones marked, and "NORTH" indicated.]

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060
7
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 7 of 16

29. Confronted by his supervisors, Andrew claimed that he had not felt anything, despite the fact that both the truck and Aircraft suffered substantial damage and the Aircraft wing was bouncing above his head.

30. In a report dated the same day, Andrew stated that the only "Contributing Factor" to the incident was that he "[m]ade the decision to back up instead of turn completely around."

31. The damage to the Aircraft and fuel truck was obvious. The fuel truck's rear handlebars were bent out of place:



32. The Aircraft's wing—which is obviously critical for safe flight—had obvious dents and gouges where the fuel truck had punctured through the wing to reach the interior:

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060  
8
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 8 of 16



*The Damage*

33.     A survey by Boeing engineers and technicians to determine the extent of the damage revealed that the damage extended to both control surfaces and the interior of the wing—both of which are critical for safely controlling an airplane and keeping it aloft once in the air:




34.     As a result of the damage, Boeing engineers found that simple repairs would not repair the aircraft to proper safety and engineering standards.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060                              9
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 9 of 16

35. Thus, the Aircraft had to be taken out of service and sent for extensive repairs at a Boeing facility, which resulted in SYITC's loss of use of the Aircraft for over seven months, during which time SYITC had to pay for charter flights on substantially less well-equipped aircraft.

36. Damage incidents that require a full strip down and near replacement of a wing are extremely serious. Such incidents can have an enormous effect on the price of an airplane, particularly in the private jet market, because repairs can wear out, necessitating more inspections and potentially an earlier end of life for the aircraft. A person or company that is spending close to $100 million on a private aircraft is not likely to want to buy an aircraft with a serious damage history. Ross's gross negligence has thus had a major impact on the value of the Aircraft.

37. SYITC has provided extensive documentation of the costs it incurred to repair the Aircraft and obtain temporary substitutes, as well as the market value diminution resulting from the serious damage Ross caused to the Aircraft. Despite the passage of almost two years, Ross has offered no compensation to SYITC to date, instead claiming that SYITC should have declined to perform repairs that Boeing, the manufacturer of the Aircraft, determined were necessary.

## COUNT I
## NEGLIGENCE

38. SYITC hereby incorporates and realleges Paragraphs 1-37, as though fully set forth herein.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060
10
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 10 of 16

39. Andrew owed SYITC a duty to use reasonable care when driving a fuel truck filled with jet fuel.

40. Andrew breached this duty in multiple ways, including:

   a. Reversing the fuel truck the entire way to a parking spot instead of driving forward;

   b. Driving in reverse the entire way despite the fact that it was dark outside with no lighting;

   c. Failing to stop when his supervisors radioed him to ask what he was doing;

   d. Failing to respond when his supervisors radioed him to ask what he was doing;

   e. Failing to notice that a large aircraft was parked behind the fuel truck;

   f. Failing to notice he was colliding with the Aircraft despite the wing bouncing overhead and being near the engine of the Aircraft; and

   g. Driving forward across the wing after already hitting it.

41. Andrew's failure to exercise due care was a direct and proximate cause of his crash with the Aircraft.

42. SYITC was injured as a result of Andrew's crash with the Aircraft.

43. Ross is liable to SYITC under the doctrine of respondeat superior because Andrew was an employee of Ross, acting within the scope of his duties when the crash occurred by driving a fuel truck to move it from an airplane to a parking spot.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060                    11
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 11 of 16

## COUNT II
## GROSS NEGLIGENCE

44. SYITC hereby incorporates and realleges Paragraphs 1-43, as though fully set forth herein.

45. Andrew owed SYITC a duty to use reasonable care when driving a fuel truck filled with jet fuel.

46. Andrew breached this duty in multiple ways, including:

   a. Reversing the fuel truck the entire way to a parking spot instead of driving forward;

   b. Driving in reverse the entire way despite the fact that it was dark outside with no lighting;

   c. Failing to stop when his supervisors radioed him to ask what he was doing;

   d. Failing to respond when his supervisors radioed him to ask what he was doing;

   e. Failing to notice that a large aircraft was parked behind the fuel truck;

   f. Failing to notice he was colliding with the Aircraft despite the wing bouncing overhead and being near the engine of the Aircraft; and

   g. Driving forward across the wing after already hitting it.

47. Andrew's negligence rose to the level of gross negligence because it evinced a reckless disregard for the rights of SYITC.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060                    12
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 12 of 16

48. Andrew's failure to exercise due care was a direct and proximate cause of his crash with the Aircraft.

49. SYITC was injured as a result of Andrew's crash with the Aircraft.

50. Ross is liable to SYITC under the doctrine of respondeat superior because Andrew was an employee of Ross, acting within the scope of his duties when the crash occurred by driving a fuel truck to move it from an airplane to a parking spot.

## COUNT III
## NEGLIGENT ENTRUSTMENT

51. SYITC hereby incorporates and realleges Paragraphs 1-50, as though fully set forth herein.

52. Ross owed a duty to SYITC not to entrust a dangerous vehicle to an inexperienced employee.

53. Ross knew or should have known that a new employee with less than 90 days of experience was likely, because of his inexperience, to use a fuel truck in a manner that would involve an unreasonable risk of physical harm to others, particularly at night with no lighting in the area.

54. Ross expected or should have expected that nearby parked airplanes could be endangered by improper use of a fuel truck, including because of the risk of fire or explosions due to the combustible nature of jet fuel.

55. Ross's negligent entrustment of a fuel truck to an employee it knew or should have known to be inexperienced was a direct and proximate cause of the employee crashing the fuel truck into the Aircraft.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060         13
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 13 of 16

56. SYITC has been damaged as a result of Ross's negligent entrustment of a fuel truck to its employee in an amount to be determined at trial.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

57. SYITC hereby incorporates and realleges Paragraphs 1-56, as though fully set forth herein.

58. Ross owed SYITC a duty to properly train and supervise its employees.

59. Ross did not exercise due care in training its employees as evidenced by the fact that its employees did not understand that driving a loaded fuel truck backwards over great distances in the vicinity of aircraft, at night, is unsafe and improper.

60. Ross did not exercise due care in supervising its employee as evidenced by the fact that its supervisors left a new trainee to drive a truck filled with combustible jet fuel with no direct supervision.

61. Ross's failure to exercise due care in the training and supervision of an employee was a direct and proximate cause of the employee crashing the fuel truck into the Aircraft.

62. SYITC has been damaged as a result of Ross's negligent training and supervision of its employee in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, SYITC respectfully requests that the Court enter judgment and the following relief in its favor and against Ross as follows:

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060      14
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 14 of 16

a. Compensatory and consequential damages sustained as a result of Ross's wrongdoing, including the cost to repair the Aircraft, the cost to procure substitute services while the Aircraft was repaired, and the diminution in value of the Aircraft, in an amount to be proven at trial, including interest;

b. Exemplary damages due to Ross's grossly negligent behavior;

c. Attorney's fees, costs, and expenses (including expert fees) incurred in bringing this case, including as provided under the relevant statutes and Alaska Civil Rule 82;

d. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060  15
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 15 of 16

DATED:  March 15, 2024	STOEL RIVES LLP

By: /s/ Kevin M. Cuddy
JAMES E. TORGERSON, Bar No. 8509120
KEVIN M. CUDDY, Bar No. 0810062
WHITNEY A. BROWN, Bar No. 1906063
jim.torgerson@stoel.com
kevin.cuddy@stoel.com
whitney.brown@stoel.com

HOGAN LOVELLS US LLP

DAVID R. MICHAELI (pro hac vice forthcoming)
PETER W. BAUTZ (pro hac vice forthcoming)
david.michaeli@hoganlovells.com
peter.bautz@hoganlovells.com

*Attorneys for Plaintiff Suqian Yuanhui Information Technology Company Ltd.*

*Suqian Yuanhui Info. Tech. Co. Ltd. v. ANC AK Holdings et al.*
Case No. 3:24-cv-00060	16
Case 3:24-cv-00060-SLG   Document 1   Filed 03/15/24   Page 16 of 16